IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD HANSON,       *
             *
   Plaintiff,     *
             *
v.            *  Civil Action No.:
             *  5:20-CV-00104
GEORGIA DREAMWORKS REALTY, LLC, *
             *
   Defendant.     *

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Georgia Dreamworks Realty, LLC, defendant in the above-styled action, and hereby presents this brief in support of its motion to dismiss.

## STATEMENT OF FACTS

Plaintiff filed this action against defendant, alleging copyright infringement pursuant to 17 U.S.C. § 101, et. seq. (Plaintiff's Complaint, ¶ 2). Defendant denies the material allegations against it concerning alleged copyright infringement.

Plaintiff correctly alleges that defendant is a limited liability company organized under Georgia law with its principal place of business located at 1247 Golden Isles West, Baxley, Georgia 31513 (Plaintiff's Complaint, ¶ 6). The civil cover sheet filed with the complaint correctly notes that Baxley, Georgia is located in Appling County, Georgia. Plaintiff further alleges that defendant used photographs allegedly registered with the United States Copyright Office of a home located at 84 Beecher Road, Hazlehurst, Georgia 31539. Hazlehurt, Georgia is

located in Jeff Davis County, Georgia.

Richard Liebowitz, an attorney in Valley Stream, New York, filed the complaint in this action.  Based upon information and belief, Richard Liebowitz is not a member of the Georgia Bar. Furthermore, based upon information and belief, Richard Liebowitz is not admitted to practice in the United State District Court for the Middle District of Georgia.  Finally, no local counsel signed the complaint, and plaintiff's counsel has not filed a petition to be admitted to practice in the United States District Court for the Middle District of Georgia pro hac vice.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

1.    <u>**This Court lacks in personam jurisdiction over defendant**</u>.

Fed. R. Civ. P. 12(b)(2) provides that a defendant may move to dismiss a complaint if the Court in which plaintiff filed the complaint lacks personal jurisdiction over defendant.  In order to invoke the jurisdiction of the Federal Courts, plaintiff must conform to the statutory requirements establishing such jurisdiction.  <u>Brown v. Pyle</u>, 310 F.2d 95 (former 5th Cir. 1962). Jurisdiction is not to be confused with venue.  <u>Id</u>.  However, if a statutory rule, such as a venue statute, is not followed, the action may not be maintained against an objecting defendant, regardless of the fact that the Court may have jurisdiction over the subject matter.  <u>Id</u>.

Plaintiff contends that venue is proper in the Middle District of Georgia pursuant 28 U.S.C. § 1391(b).  This code

section provides as follows:

"A civil action may be brought in - -

(1)   A judicial district in which any defendant
      resides, if all the defendants are residents of
      the State in which the district is located;

(2)   A judicial district in which a substantial part of
      the events or omissions giving rise to the claim
      occurred, or a substantial part of property that
      is the subject of the action as situated; or

(3)   If there is no district in which an action may
      otherwise be brought as provided in this section,
      any judicial district in which any defendant is
      subject to the Court's personal jurisdiction with
      respect to such action."

In the case at hand, defendant is a limited liability
company with its principal place of business located in Appling
County, Georgia.  Appling County is not located in the Middle
District of Georgia.  Instead, Appling County is located in the
Southern District of Georgia, Brunswick Division.  The
photographs allegedly subject to a copyright were of a home
located in Jeff Davis County, Georgia.  Jeff Davis County,
Georgia is not located within the Middle District of Georgia;
instead, Jeff Davis County, Georgia is also located in the
Southern District of Georgia, Brunswick Division.  The defendant
does not reside within the Middle District of Georgia, and
likewise the events giving rise to this claim did not occur in
Middle District of Georgia, and the property subject to this
claim is not located in the Middle District of Georgia.
Consequently, plaintiff has not complied with a statutory rule
[venue statute] which is a prerequisite to this Court's

jurisdiction over defendant.  As a result, this Court lacks in personam jurisdiction over this defendant.

   2.   **The venue of this action is improper**.

   Fed. R. Civ. P. 12(b)(3) provides that a defendant may move to dismiss a complaint if the venue is improper.  Dismissal is an appropriate sanction for improper venue.  <u>Atlantic Marine Construction Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas</u>, 134 S.Ct. 568, 577 (2013).  As noted in Section 1 of this brief, the venue of this action is improper because: (1) defendant's principal place of business is located in Appling County, Georgia [Southern District of Georgia], and (2) the alleged transaction and occurrence referenced in the complaint occurred in either Jeff Davis County, Georgia or Appling County, Georgia [Southern District of Georgia]; therefore, venue is improper in the Middle District of Georgia.  As a result, the venue of this action is improper.

   3.   **Process is insufficient**.

   Fed. R. Civ. P. 12(b)(4) provides that a defendant may move to dismiss a complaint if process is insufficient.  Process must consist of (1) a summons and (2) a copy of the complaint.  <u>Taylor v. Bailey</u>, 2006 WL 3191185 (N.D. Ga. 2006).  Fed. R. Civ. P. 11(a) requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . ."

   Local Rule 83.1.1 of the Middle District of Georgia

provides, in pertinent part, as follows:

"83.1.1      ADMISSIONS

A.   ROLL OF ATTORNEYS.

The bar of this Court shall consist of those
persons heretofore admitted to practice in
this Court and those who may hereafter be
admitted in accordance with this rule.

B.   ELIGIBILITY.

To be eligible to practice in this Court, an
attorney must have been admitted to practice
in the trial courts of the State of Georgia
and be an active member in good standing of
the State Bar of Georgia.  Only attorneys who
are admitted to practice in this Court, or
who have otherwise obtained permission under
Rule 83.1.2c, may appear as counsel."

Local Rule of the Middle District of Georgia 83.1.2c governs
pro hac vice admissions. Counsel for plaintiff has not applied
for a pro hac vice admission, and likewise, no local counsel, who
is properly admitted to practice in the Middle District of
Georgia, has signed the complaint.

There is no question that process is deficient in this
action, as no attorney who is qualified to practice in the Middle
District of Georgia signed the complaint.  However, dismissal
based upon a technical error in process is generally not
warranted, unless the moving party shows some form of prejudice.
Sanderford v. Prudential Ins. Co. of America, 902 F.2d 897, 900-
901 (11th Cir. 1990).  In the case at hand, defendant can
demonstrate prejudice resulting from the insufficient process.
As noted in Sections 1 and 2 of this brief, the complaint on its

face shows that this Court lacks in personam jurisdiction over
the defendant and also demonstrates that venue is improper, as
the allegations in the complaint establish that the Court in
which jurisdiction and venue would be proper would be the United
States District Court for the Southern District of Georgia,
Brunswick Division.   This blatant mistake makes it evident that
had plaintiff retained a member of the Georgia Bar to file this
lawsuit, the attorney would most likely have filed the complaint
in the correct Court.   Plaintiff's retaining of an attorney from
New York who is not authorized to practice in this Court has led
to the present situation, which required defendant to file a
motion to dismiss which it would not have had to file if
plaintiff had simply filed this action in the correct court.
Consequently, defendant has established prejudice resulting from
the insufficiency of process.   As a result, process in
insufficient in this action.

    4.   **Plaintiff's complaint fails to state a claim upon which relief can be granted**.

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move
to dismiss a complaint if the complaint fails to state a claim
against the defendant upon which relief can be granted.   As noted
in Section 3 of this brief, Local Rule 83.1.1 B requires an
attorney either to be a member in good standing of the State Bar
in Georgia or to qualify for pro hac vice admission to be
eligible to practice in this Court.   In Georgia practice, a
complaint which is not signed by an attorney in good standing

with the State Bar of Georgia is voidable.  <u>McCormick v. Acree</u>,
232 Ga. App. 834, 835 (1998).  Because the complaint is voidable,
it cannot state a claim against defendant upon which relief can
be granted.

<u>**CONCLUSION**</u>

Based upon the foregoing, defendant respectfully requests
this Court to grant its motion to dismiss plaintiff's complaint.

This 10th day of April, 2020.

                              **YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

                    BY:   <u>/s/ J. Holder Smith, Jr.</u>
P. O. Box 3007            J. Holder Smith, Jr.
Valdosta, GA  31604       State Bar No. 661105
(229) 242-2520 Telephone  Attorney for Defendant
(229) 242-5040 Facsimile
Email: <u>jaysmith@youngthagard.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** upon the following using the CM/ECF system which will send notification of such filing to the following:

        Richard P. Liebowitz
        Liebowitz Law Firm, PLLC
        11 Sunrise Plaza, Suite 305
        Valley Stream, NY 11580
        Email: RL@LiebowitzLawFirm.com

This 10th day of April, 2020.

                BY:  /s/J. Holder Smith, Jr.
                      J. Holder Smith, Jr.
                      Attorney for Defendant